STATE OF NEBRASKA, APPELLEE, V. CHRISTOPHER J. HOER, APPELLANT.

436 N.W.2d 179

Filed February 24, 1989.    No. 88-469.

Stephen C. Hansen, of Luckey, Sipple, Hansen, Emerson & Schumacher, for appellant.

Robert M. Spire, Attorney General, and Kenneth W. Payne for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and CARLSON, D.J.

SHANAHAN, J.

As the result of a bench trial, Christopher J. Hoer was convicted of possessing a controlled substance (methamphetamine) in violation of Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 1986). In his motion to suppress physical evidence, see Neb. Rev. Stat. § 29-822 (Reissue 1985), Hoer claimed that methamphetamine obtained in a warrantless search of his automobile was inadmissible as the product of an unreasonable search and seizure contrary to the fourth amendment to the U.S. Constitution and article I, § 7, of the Nebraska Constitution. The court overruled Hoer's suppression motion and, over Hoer's objection at trial, admitted the methamphetamine into evidence, which resulted in Hoer's conviction.

STANDARDS OF REVIEW

In determining the correctness of a trial court's ruling on a motion to suppress, the Supreme Court will uphold the trial court's findings of fact unless those findings are clearly erroneous. *State v. Blakely*, 227 Neb. 816, 420 N.W.2d 300 (1988). In determining whether a trial court's findings on a motion to suppress are clearly erroneous, the Supreme Court recognizes the trial court as the "trier of fact" and takes into consideration that the trial court has observed witnesses testifying regarding such motion to suppress. *State v. Blakely, supra.* Admission or exclusion of evidence is a matter for the discretion of the trial court, whose ruling on an evidential question will be upheld unless such ruling constitutes an abuse of discretion. *State v. Copple*, 224 Neb. 672, 401 N.W.2d 141 (1987); *State v.*

*Clancy,* 224 Neb. 492, 398 N.W.2d 710 (1987). If police have acted without a search warrant, the State has the burden of proof that the search was conducted under circumstances substantiating the reasonableness of such search or seizure. *State v. Vrtiska,* 225 Neb. 454, 406 N.W.2d 114 (1987). *State v. Abdouch,* 230 Neb. 929, 930, 434 N.W.2d 317, 319 (1989).

## THE SEARCH

Deputy R.D. Mayer of the Platte County Sheriff's Department stopped a car for speeding and running a stop sign. Christopher Hoer was the car's driver and only occupant. On arrival at the driver's door of Hoer's car, where Hoer was seated behind the wheel, Mayer smelled the odor of alcohol emanating from inside the vehicle and also detected the odor of alcohol on Hoer's breath. Mayer asked for Hoer's license to operate a motor vehicle and the vehicle's registration. Hoer's license showed that he was under 21 years of age. Neb. Rev. Stat. § 53-180.02 (Reissue 1988) prohibits a minor, that is, anyone under the age of 21 years, from possessing or physically controlling any alcoholic liquor inside a vehicle on a public street, alley, road, or highway. See Neb. Rev. Stat. § 53-103(23) (Reissue 1988) (a minor is any person under 21 years of age). Mayer then asked Hoer to perform field sobriety tests, including a balance test, and administered a preliminary breath test to Hoer. The tests indicated that Hoer was intoxicated. Mayer arrested Hoer for drunk driving and told him the consequences of refusing to give a blood or breath sample under the implied consent law. According to Mayer, Hoer displayed "mood swings," alternating between hostility and cooperativeness. Although Hoer agreed to supply a sample of his blood for testing, he "appeared to be nervous" and asked Mayer whether the blood test was limited to a disclosure of alcohol only. In that setting, Mayer concluded that Hoer "had ingested something into his body other than alcohol that he didn't want his blood to be screened for."

After Hoer's arrest, Mayer searched Hoer's car and looked primarily for alcohol, but also for "other contraband." Under the driver's seat, Mayer found a partially consumed bottle of

wine, a "750 milliliter bottle of MD 20/20 wine that contains a clear plastic straw." Under the front passenger's seat, Mayer discovered a cardboard box, 6½ by 4 by 1½ inches, held together with black electrical tape. Mayer opened the cardboard box because it might contain a relatively small container of alcohol, or, in Mayer's words:

> Any bottle that would contain hard liquor that could be purchased on an airline, a half-pint bottle would have fit in there. I'm not sure of the size, but I believe there is a quarter-pint bottle that's recently been produced in various flavors of schnapps, that sort of thing.

Inside the box, Mayer, who had law enforcement training in identifying controlled substances, found a plastic packet containing a white powder, which he believed to be a controlled substance and which was later tested and determined to be methamphetamine.

Hoer contends the methamphetamine, found inside the cardboard box, was constitutionally inadmissible evidence obtained through an unreasonable search of his automobile.

## VEHICLE SEARCHES

The Supreme Court, in *Carroll v. United States*, 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925), held that, when police officers have probable cause to believe that a vehicle contains contraband, a vehicular search by officers without a warrant is reasonable under the fourth amendment to the U.S. Constitution. In *Carroll*, the Court found that officers had probable cause to search a car for alcohol and, therefore, justification for ripping the car's upholstery to locate concealed whiskey. The Court in *Carroll* observed:

> On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. The Fourth Amendment is to be construed in the light of what was deemed an unreasonable search and seizure when it was adopted, and in a manner which will conserve public interests as well as the interests and rights

of individual citizens.

267 U.S. at 149. It then concluded:

> [T]he facts and circumstances within [the officers']
> knowledge and of which they had reasonably trustworthy
> information were sufficient in themselves to warrant a
> man of reasonable caution in the belief that intoxicating
> liquor was being transported in the automobile which they
> stopped and searched.

267 U.S. at 162.

In *United States v. Ross*, 456 U.S. 798, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982), police officers, with probable cause to search an automobile for narcotics, searched inside a brown paper bag and a zippered red leather pouch found in the automobile's trunk. With the background of *Carroll*, the Supreme Court discussed the nature of probable cause which justified a warrantless vehicle search:

> [T]he probable-cause determination must be based on
> objective facts that could justify the issuance of a warrant
> by a magistrate and not merely on the subjective good
> faith of the police officers. . . .
>
> In short, the exception to the warrant requirement
> established in *Carroll* . . . applies only to searches of
> vehicles that are supported by probable cause. In this class
> of cases, a search is not unreasonable if based on facts that
> would justify the issuance of a warrant, even though a
> warrant has not actually been obtained.

456 U.S. at 808-09.

Referring to *Carroll*, the Court in *Ross* noted:

> The scope of the search was no greater than a magistrate
> could have authorized by issuing a warrant based on the
> probable cause that justified the search. Since such a
> warrant could have authorized the agents to open the rear
> portion of the roadster and to rip the upholstery in their
> search for concealed whiskey, the search was
> constitutionally permissible.
>
> . . . .
>
> In its application of *Carroll*, this Court in fact has
> sustained warrantless searches of containers found during
> a lawful search of an automobile. In *Husty v. United*

*States*, 282 U. S. 694, the Court upheld a warrantless seizure of whiskey found during a search of an automobile, some of which was discovered in "whiskey bags" that could have contained other goods. In *Scher v. United States*, 305 U. S. 251, federal officers seized and searched packages of unstamped liquor found in the trunk of an automobile searched without a warrant.

456 U.S. at 818-19.

The *Ross* Court continued:

> As we have stated, the decision in *Carroll* was based on the Court's appraisal of practical considerations viewed in the perspective of history. It is therefore significant that the practical consequences of the *Carroll* decision would be largely nullified if the permissible scope of a warrantless search of an automobile did not include containers and packages found inside the vehicle. . . . The Court in *Carroll* held that "contraband goods *concealed* and illegally transported in an automobile or other vehicle may be searched for without a warrant." 267 U. S., at 153 (emphasis added). As we noted in *Henry v. United States*, 361 U. S. 98, 104, the decision in *Carroll* "merely relaxed the requirements for a warrant on grounds of practicability." It neither broadened nor limited the scope of a lawful search based on probable cause.

456 U.S. at 820.

In reaffirming the constitutional validity of a vehicular search such as that considered in *Carroll v. United States*, 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925), the Supreme Court in *Ross* concluded:

> [A]n individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband. Certainly the privacy interests in a car's trunk or glove compartment may be no less than those in a movable container. An individual undoubtedly has a significant interest that the upholstery of his automobile will not be ripped or a hidden compartment within it opened. These interests must yield to the authority of a search, however, which—in light of *Carroll*—does not itself require the

prior approval of a magistrate. The scope of a warrantless search based on probable cause is no narrower—and no broader—than the scope of a search authorized by a warrant supported by probable cause. Only the prior approval of the magistrate is waived; the search otherwise is as the magistrate could authorize.

The scope of a warrantless search of an automobile thus is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found.

*United States v. Ross*, 456 U.S. 798, 823-24, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982).

Finally, the Court in *United States v. Ross* held:

The exception recognized in *Carroll* is unquestionably one that is "specifically established and well delineated." We hold that the scope of the warrantless search authorized by that exception is no broader and no narrower than a magistrate could legitimately authorize by warrant. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.

456 U.S. at 825.

This court has previously relied on the vehicle exception to a search warrant requirement, exemplified by *Ross*, in upholding searches of containers found during a probable cause search of a vehicle. In *State v. McGuire*, 218 Neb. 511, 357 N.W.2d 192 (1984), the search of luggage inside an automobile's trunk was reasonable when the searching police officer had probable cause to search the car for a .45 automatic reportedly carried by the defendant. In *State v. Hansen*, 221 Neb. 103, 375 N.W.2d 605 (1985), the search of the defendant's purse found inside her car was reasonable when the searching officer had probable cause to search the car for a controlled substance "which could have been secreted in a small container . . . ." 221 Neb. at 109, 375 N.W.2d at 610.

If a reasonable person, viewing all the objective circumstances encountered by a law enforcement officer and considering the officer's possession of reasonably trustworthy

information, would believe that a vehicle likely contained contraband or other evidence of criminal activity, a law enforcement officer has probable cause to search the vehicle notwithstanding the absence of a search warrant. *State v. Aden*, 196 Neb. 149, 241 N.W.2d 669 (1976); *United States v. Ross, supra*; *Carroll v. United States, supra*.

The scope of a warrantless search of a vehicle, as in a search pursuant to a warrant,

> is defined by the object of the search and the places in which there is probable cause to believe that it may be found. Just as probable cause to believe that a stolen lawnmower may be found in a garage will not support a warrant to search an upstairs bedroom, probable cause to believe that undocumented aliens are being transported in a van will not justify a warrantless search of a suitcase.

*United States v. Ross, supra* at 824.

We need not decide whether Deputy Mayer had probable cause to search Hoer's car and the cardboard box found inside the car in an effort to locate some unspecified controlled substance, because we find that Mayer's discovery of the methamphetamine was the result of a probable cause search for alcohol in Hoer's automobile.

Mayer smelled alcohol coming from Hoer's automobile and breath, saw Hoer fail the field sobriety tests, witnessed Hoer's failure of the preliminary breath test, and knew from the displayed operator's license that Hoer was underage for possession of alcohol. Given these facts, a reasonable person would conclude that a search of the automobile would likely reveal alcohol possessed by a minor in violation of § 53-180.02. Therefore, Mayer had probable cause to search for alcohol in the automobile operated by Hoer, who was a minor. Cf., *State v. Peterson*, 407 N.W.2d 221 (S.D. 1987) (odor of alcohol from car and driver gave probable cause to search for violations of "open container" law); *State v. Schinzing*, 342 N.W.2d 105 (Minn. 1983) (odor of alcohol from car gave probable cause to search for violations of "open container" law).

With probable cause to search for alcohol in Hoer's automobile, Mayer was authorized to search inside the car for anything which might serve as an alcohol container, including

the cardboard box found under the front passenger's seat inasmuch as the cardboard box was capable of concealing a small bottle or container of alcohol. *United States v. Ross, supra.*

## PLAIN VIEW

The controlled substance inside the box was properly seized under the "plain view" doctrine. In *State v. Haselhorst*, 218 Neb. 233, 353 N.W.2d 7 (1984), we listed three requirements which must be met to uphold a warrantless seizure under the plain view doctrine:

> First, the police officer must lawfully make an "initial intrusion" or otherwise properly be in a position from which he can view a particular area. Second, the officer must discover the incriminating evidence "inadvertently," i.e., he may not know in advance the location of the evidence and intend to seize it without obtaining a warrant, relying on the plain view exception only as a pretext. Finally, it must be "immediately apparent" to the police that the items they observe may be evidence of a crime, contraband, or otherwise subject to seizure.

*Haselhorst, supra* at 236, 353 N.W.2d at 10. See, also, *Texas v. Brown*, 460 U.S. 730, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983).

In Hoer's case, Mayer's seizure of methamphetamine met all the requirements for application of the plain view doctrine. First, the methamphetamine was discovered in a place where Mayer was lawfully conducting a search, namely, a box that may have concealed a container of alcohol inside Hoer's automobile. Second, although Mayer suspected that the box might contain an undetermined controlled substance, Mayer's search of the box was not a pretensed search for alcohol to cover an actual search for a controlled substance. Mayer was searching the car for alcohol and found the box which may have contained alcohol. Consequently, Mayer's discovery of the methamphetamine was inadvertent. Third, it was immediately apparent to Mayer that the white powder, encased in plastic, was probably a controlled substance.

## CONCLUSION

The seizure of the methamphetamine in Hoer's car was constitutional. The methamphetamine was inadvertently

discovered during a lawful warrantless vehicle search based on probable cause that Hoer, an intoxicated motorist and a minor, had alcohol in his automobile. Therefore, the trial court properly overruled Hoer's motion to suppress the methamphetamine obtained through a valid search of Hoer's automobile. The methamphetamine, as physical evidence taken from Hoer's automobile, was constitutionally admissible in Hoer's trial.

AFFIRMED.