STATE OF NEBRASKA, APPELLANT, V. KARRIE L. GERJEVIC, APPELLEE.

463 N.W.2d 914

Filed December 28, 1990.   No. 90-788.

Ronald L. Staskiewicz, Douglas County Attorney, and Donald L. Schense for appellant.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellee.

BOSLAUGH, J.

This is an interlocutory appeal by the State pursuant to Neb. Rev. Stat. § 29-824 (Reissue 1989) to review the order of the district court sustaining defendant-appellee Karrie L. Gerjevic's motion to suppress.

On March 26, 1990, the Omaha police were involved in a narcotics investigation concerning Gerjevic. They had received information from a reliable confidential informant that the defendant was selling cocaine packaged in "snow seals." The informant had observed the defendant in possession of cocaine and had purchased cocaine from the defendant in the past. The informant further advised the police that (1) the defendant drove a "Silver 1988 Isuzu I-Mark" four-door vehicle, with the "Iowa license plate PLM479," (2) the defendant's sister resided at 3118 Cass Street, apartment No. 1, (3) the defendant worked in the area where her sister lived, and (4) the defendant sold cocaine at her place of employment. Upon receiving this information, the police arranged for a controlled purchase of cocaine from the defendant.

On March 29, 1990, sometime between 11:50 a.m. and 12:50 p.m., the informant went to the residence at 3118 Cass Street, met with defendant, and purchased one-quarter gram of cocaine from her. After making the purchase, the informant met with the police for a debriefing and informed the police that the defendant would be in her silver Isuzu, going to work somewhere near the 3118 Cass Street residence, and implied that the defendant would be transporting cocaine in her vehicle to her place of employment.

Based on this information, the police conducted a surveillance of the 3118 Cass Street residence. At approximately 12:50 p.m., the officers observed two parties, one of whom was defendant, leave the 3118 Cass Street residence and enter the 1988 silver Isuzu. The officers followed the Isuzu vehicle to 33d and Dodge Streets, where the vehicle

stopped at the curb in front of Mutual of Omaha.

The officers approached the vehicle and identified themselves. The driver was identified as Kimberly Jacobs, and the passenger was the defendant. The officers asked Jacobs, the sister of the defendant, for permission to search the vehicle, stating that they had probable cause to believe that narcotics were being transported in the vehicle. Jacobs said that she could not give them permission to search the vehicle because it belonged to her sister, the defendant. The officers then asked the defendant for permission to search the vehicle. The defendant became nervous, told the officers she had to go to work, and attempted to walk away. The officers then placed the defendant under arrest.

The officers did not search the defendant, her handbag, or her vehicle at the scene. Instead, after arresting the defendant, the officers took her to the police station and had the Isuzu towed to an impound lot. The police then completed an affidavit and application for a search warrant for the search of the person of Gerjevic, her handbag, and her vehicle. The search warrant, however, authorized only the search of the person of Gerjevic.

After obtaining the search warrant, the officers searched defendant Gerjevic's person but found no contraband. Then, without the authority of a search warrant, the officers searched the defendant's handbag and her vehicle. The vehicle search revealed 12 cocaine-filled snow seals; a gram scale; and a plastic straw, suspected to be a "snorting" tube.

Following her arrest, the defendant was charged with possession of cocaine with intent to distribute, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Reissue 1989). Prior to trial, the defendant moved to suppress the evidence found in her vehicle. She argued that the warrantless search of her vehicle at the impound lot violated her constitutional rights. After an evidential hearing, the district court sustained the motion to suppress. From that order the State has appealed.

The State contends that the warrantless search of the defendant's vehicle at the impound lot was justified because they had probable cause to believe the vehicle contained contraband at the time it was stopped. According to the State,

the probable cause which entitled the officers to search her vehicle at the time it was stopped continued to exist at the impound lot and, thus, justified the warrantless search of defendant's vehicle.

It is well recognized that "when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody." *Michigan v. Thomas*, 458 U.S. 259, 261, 102 S. Ct. 3079, 73 L. Ed. 2d 750 (1982). Accord, *Texas v. White*, 423 U.S. 67, 96 S. Ct. 304, 46 L. Ed. 2d 209 (1975); *Chambers v. Maroney*, 399 U.S. 42, 90 S. Ct. 1975, 26 L. Ed. 2d 419 (1970).

The U.S. Supreme Court has made it abundantly clear that neither the passage of several hours between the arrest and the search nor the immobilization of the vehicle by placing it in police custody invalidates the probable cause basis for conducting a warrantless automobile search. See, *Florida v. Meyers*, 466 U.S. 380, 104 S. Ct. 1852, 80 L. Ed. 2d 381 (1984); *Michigan v. Thomas, supra*.

The critical issue, therefore, is whether, at the time Gerjevic's vehicle was stopped, the police had "probable cause" to believe there was contraband inside her vehicle. If the police had probable cause to search the vehicle at the time it was stopped, then they could constitutionally search it later at the impound lot without obtaining a warrant. *Michigan v. Thomas, supra*; *Texas v. White, supra*; *Chambers v. Maroney, supra*.

A police officer with probable cause to believe that an automobile is carrying contraband ordinarily possesses authority for a warrantless search of the automobile. *State v. Dillwood*, 183 Neb. 360, 160 N.W.2d 195 (1968); *State v. Hoer*, 231 Neb. 336, 436 N.W.2d 179 (1989).

When probable cause exists for the arrest of an accused in his motor vehicle and at that time probable cause for the search of his vehicle exists as well, a search of the vehicle a short time later at a different location while the vehicle is still in police custody is not unreasonable, even though it is made without a warrant. *State v. McGuire*, 218 Neb. 511, 357 N.W.2d 192 (1984); *State v. Franklin*, 194 Neb. 630, 234 N.W.2d 610 (1975).

The search of an automobile is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained. *State v. Hoer, supra* (citing *United States v. Ross*, 456 U.S. 798, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982), and *Carroll v. United States*, 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925)).

This court has stated that

> " 'probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would "warrant a man of reasonable caution in the belief," [citation omitted] that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required.' "

*State v. Parmar*, 231 Neb. 687, 696, 437 N.W.2d 503, 509 (1989) (quoting *State v. Haselhorst*, 218 Neb. 233, 353 N.W.2d 7 (1984), quoting *Texas v. Brown*, 460 U.S. 730, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983)).

Here, there was probable cause to search defendant Gerjevic's vehicle at the scene of her arrest. This finding is amply supported by the evidence and validates the search at the impound lot.

The reliable confidential informant had informed the police that the defendant was selling cocaine. The informant stated that (1) the informant had observed the defendant in possession of cocaine, (2) the informant had purchased cocaine from the defendant in the past, (3) the informant knew the defendant drove a 1988 silver Isuzu I-Mark four-door vehicle, with the Iowa license plate No. PLM479, (4) the defendant had a sister who resided at 3118 Cass Street, (5) the defendant worked in that area, and (6) the defendant sold cocaine at her place of employment.

After receiving this information, the police arranged for the controlled purchase of cocaine from the defendant. After making the purchase, the informant advised the officers that defendant would be leaving the 3118 Cass Street residence shortly in her silver Isuzu, and possibly would be transporting

narcotics in the vehicle to her place of employment.

The officers subsequently conducted a surveillance of the 3118 Cass Street residence and saw the defendant leave with her sister in the silver Isuzu. The surveillance officers followed the silver Isuzu to 33d and Dodge Streets, where the vehicle stopped at the curb in front of Mutual of Omaha. When the officers approached the vehicle, identified themselves, and told the defendant that they had probable cause to believe she was transporting narcotics in her vehicle, the defendant became nervous, said she had to go to work, and attempted to walk away.

At this point, the facts warranted a person of reasonable caution to believe that the 1988 silver Isuzu contained contraband. In other words, the officers had probable cause to believe that defendant's vehicle contained narcotics and, therefore, had probable cause to search the vehicle. Under *Michigan v. Thomas*, 458 U.S. 259, 102 S. Ct. 3079, 73 L. Ed. 2d 750 (1982), the probable cause factor that then existed still existed at the impound lot. Therefore, although the Isuzu was searched several hours after it was impounded, the warrantless search of the defendant's vehicle was authorized. The order of the district court suppressing the evidence found in the defendant's automobile was erroneous and must be reversed.

It is unnecessary to consider the other contentions of the State.

REVERSED.