## MICHIGAN v. THOMAS

No. 81–593.  Decided June 28, 1982

PER CURIAM.

While respondent was the front-seat passenger in an automobile, the car was stopped for failing to signal a left turn. As two police officers approached the vehicle, they saw respondent bend forward so that his head was at or below the level of the dashboard.  The officers then observed an open bottle of malt liquor standing upright on the floorboard between respondent's feet, and placed respondent under arrest for possession of open intoxicants in a motor vehicle.  The 14-year-old driver was issued a citation for not having a driver's license.  Respondent claimed ownership of the car.

Respondent and the driver were taken to the patrol car, and a truck was called to tow respondent's automobile. One of the officers searched the vehicle, pursuant to a departmental policy that impounded vehicles be searched prior to being towed. The officer found two bags of marihuana in the unlocked glove compartment. The second officer then searched the car more thoroughly, checking under the front seat, under the dashboard, and inside the locked trunk. Opening the air vents under the dashboard, the officer discovered a loaded, .38-caliber revolver inside.

Respondent was convicted of possession of a concealed weapon. He moved for a new trial, contending that the revolver was taken from his car pursuant to an illegal search and seizure; the trial court denied the motion.

The Michigan Court of Appeals reversed, holding that the warrantless search of respondent's automobile violated the Fourth Amendment. 106 Mich. App. 601, 308 N. W. 2d 170 (1981). The court acknowledged that in *South Dakota* v. *Opperman*, 428 U. S. 364 (1976), this Court upheld the validity of warrantless inventory searches of impounded motor vehicles. Moreover, the court found that, since respondent had been placed under arrest and the other occupant of the car was too young to legally drive, it was proper for the officers to impound the vehicle and to conduct an inventory search prior to its being towed. However, in the view of the Court of Appeals, the search conducted in this case was "unreasonable in scope," because it extended to the air vents which, unlike the glove compartment or the trunk, were not a likely place for the storage of valuables or personal possessions. 106 Mich. App., at 606, 308 N. W. 2d, at 172.

The Court of Appeals also rejected the State's contention that the scope of the inventory search was properly expanded when the officers discovered contraband in the glove compartment. The court concluded that, because both the car and its occupants were already in police custody, there were

no "exigent circumstances" justifying a warrantless search for contraband.[1]

We reverse. In *Chambers* v. *Maroney*, 399 U. S. 42 (1970), we held that when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody. We firmly reiterated this holding in *Texas* v. *White*, 423 U. S. 67 (1975). See also *United States* v. *Ross*, 456 U. S. 798, 807, n. 9 (1982). It is thus clear that the justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant.[2] See *ibid.*

Here, the Court of Appeals recognized that the officers were justified in conducting an inventory search of the car's

---

[1] The Court of Appeals did not directly address the State's contention that the discovery of marihuana in the glove compartment provided probable cause to believe there was contraband hidden elsewhere in the vehicle. However, the court apparently assumed that the officers possessed information sufficient to support issuance of a warrant to search the automobile; the court's holding was that the officers were required to obtain such a warrant, and could not search on the basis of probable cause alone. See 106 Mich. App., at 606–608, 308 N. W. 2d, at 172–173.

[2] Even were some demonstrable "exigency" a necessary predicate to such a search, we would find somewhat curious the Court of Appeals' conclusion that no "exigent circumstances" were present in this case. Unlike the searches involved in *Chambers* v. *Maroney*, 399 U. S. 42 (1970), and *Texas* v. *White*, 423 U. S. 67 (1975)—which were conducted at the station house—the search at issue here was conducted on the roadside, before the car had been towed. As pointed out by Judge Deneweth, in dissent, "there was a clear possibility that the occupants of the vehicle could have had unknown confederates who would return to remove the secreted contraband." 106 Mich. App., at 609, 308 N. W. 2d, at 174.

glove compartment, which led to the discovery of contraband. Without attempting to refute the State's contention that this discovery gave the officers probable cause to believe there was contraband elsewhere in the vehicle, the Court of Appeals held that the absence of "exigent circumstances" precluded a warrantless search. This holding is plainly inconsistent with our decisions in *Chambers* and *Texas* v. *White.*

The petition for certiorari and the motion of respondent to proceed *in forma pauperis* are granted, the judgment of the Michigan Court of Appeals is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.

*It is so ordered.*

JUSTICE BRENNAN and JUSTICE MARSHALL would grant the petition for a writ of certiorari and set the case for oral argument.