STATE OF NORTH CAROLINA v. BRUCE ALAN SCHNEIDER

No. 8226SC531

(Filed 21 December 1982)

**Searches and Seizures § 11— warrantless search of automobile—probable cause—suppression of evidence error**

Pursuant to the recent cases of *United States v. Ross*, --- U.S. --- (1982) and *Michigan v. Thomas*, --- U.S. --- (1982), the trial court erred in suppressing evidence of marijuana found in the trunk of defendant's automobile since the record fully supported the court's finding that the officers had probable cause to believe the trunk of defendant's car contained marijuana.

APPEAL by the State from *Grist, Judge.* Order entered 4 March 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 November 1982.

The State of North Carolina, pursuant to G.S. 15A-1445(b) and G.S. 15A-979(c), appeals from an order suppressing evidence in two cases pending against defendant who is charged with possession of marijuana with intent to sell and deliver, conspiracy to sell and deliver and to possess with intent to sell and deliver marijuana, and possession of more than 100 but less than 1,000 pounds of marijuana.

*Attorney General Edmisten, by Assistant Attorney General Blackwell M. Brogden, Jr., for the State.*

*J. Marshall Haywood and Lyle J. Yurko for defendant-appellee.*

HILL, Judge.

The parties stipulated to the facts of this case. A. C. Cummings was an undercover agent for the State. On 21 June 1981, he met with a Mr. Lindsay during daylight hours at the Lindsay residence in Charlotte for the purpose of purchasing a large quantity of marijuana. Working with Cummings on this occasion were fourteen or fifteen law enforcement agents.

Lindsay displayed some 88 pounds of marijuana to Cummings and telephoned a person whom he called "Bruce" about the purchase price and the remainder of marijuana to be purchased. Cummings went to his car where he picked up a bowling ball bag filled with money, walked back to a window outside the house and exhibited the contents of the bag to Lindsay, who told "Bruce" to bring the contraband. Cummings then deposited the bag in his car, advised the other agents of the progress made, and went into the house. Lindsay told him the rest of the marijuana would be delivered in three to five minutes. Some five minutes later, a 1977 Oldsmobile driven by defendant backed down a private drive to a side porch of Lindsay's residence. The defendant got out of the car. Lindsay came out of the house. Both defendant and Lindsay were placed under arrest, handcuffed, and "neutralized" several yards from the vehicle. The automobile remained parked on private property, and was later determined to be owned by defendant.

After the arrest of Schneider and Lindsay, Agent Cummings entered the vehicle, took the key from the ignition and opened the trunk. Therein Agent Cummings saw several bales which he recognized as marijuana and identified by its odor. Cummings closed the trunk and secured a search warrant while the car remained under guard by the law enforcement officers. After procuring the search warrant, Cummings returned to the vehicle and seized 187 pounds of marijuana located in the trunk.

At trial, defendant moved to suppress evidence of the marijuana. The trial court made findings of fact, concluding that the initial search of defendant's automobile trunk was not incidental to the defendant's arrest; that the trunk of the car was not in the area within the defendant's immediate control, and despite the fact Agent Cummings had probable cause to believe the trunk of defendant's car contained the controlled substance at the time of

the initial search, the search and seizure could not be justified under the "automobile exception" to the warrant requirements of the fourth and fourteenth amendments. He then suppressed the use of the contraband as evidence by the State.

Over the years, certain well-defined exceptions to warrantless searches and seizures have been made, mostly dealing with the search and seizures of automobiles and their contents. A two-prong test—i.e., does the warrantless search arise as a result of probable cause and under exigent circumstances which make the search imperative—has been imposed on one who seeks to justify the warrantless search. *State v. Allison,* 298 N.C. 135, 257 S.E. 2d 417 (1979); *State v. McCloud,* 276 N.C. 518, 173 S.E. 2d 753 (1970).

However, the United States Supreme Court in the recent case of *United States v. Ross,* --- U.S. ---, 102 S.Ct. ---, 72 L.Ed. 2d 572 (1982), has extended the rules of search and seizure of automobiles when the arresting officers have probable cause to believe contraband is in the vehicle. Justice Stevens, speaking for the *Ross* majority, said:

> "On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure . . . the search and seizure are valid . . . ."

*Id.,* at ---, 102 S.Ct. at ---, 72 L.Ed. 2d at 581, *quoting Carroll v. United States,* 267 U.S. 132, 149, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

> The scope of a warrantless search based on probable cause is no narrower—and no broader—than the scope of a search authorized by a warrant supported by probable cause. Only the prior approval of a magistrate is waived . . . .

*Id.,* at ---, 102 S.Ct. at ---, 72 L.Ed. 2d at 593.

The United States Supreme Court seems to expand the rule further in *Michigan v. Thomas,* --- U.S. ---, 102 S.Ct. ---, 73 L.Ed. 2d 750, 753 (1982), where the Court noted: "It is thus clear that the justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend

upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant."

In the case before this Court, the trial court found as a fact:

That Agent Cummings had probable cause to believe that the trunk of the defendant's vehicle contained the controlled substance marijuana at the time of the original search.

No exception was taken by defendant. The record supports the finding. Without question, the officers had probable cause to believe the trunk of the car contained marijuana. By looking into the trunk, the officer did nothing more than confirm that which he had reason to believe. As a precaution, he subsequently secured a search warrant, but this becomes immaterial in the face of *Ross, supra,* and *Thomas, supra.*

Based on the two cases of the United States Supreme Court cited herein, the order of the trial judge is

Reversed.

Judges ARNOLD and JOHNSON concur.