NIMMONS, Judge.
The state appeals from the trial court’s order granting the defendants’ motion to suppress as evidence marijuana which was seized from the trunk of the defendants’ automobile. We reverse the suppression order.
The defendants negotiated for the purchase of $50,000 worth of marijuana from a Gainesville Narcotics and Organized Crime Unit undercover officer (Investigator Crase) who defendants understood was a drug dealer. During the drug transaction, the defendants met Crase at a motel and gave him the keys to their automobile so that Crase could drive it to his “stash house” and load the trunk with the marijuana. Crase was to return to the motel, turn the marijuana-laden vehicle back over to the defendants and receive $50,000 in cash.
Crase drove the vehicle to the narcotics unit headquarters where the trunk was loaded with four bales of marijuana. Before leaving, an electronic disabling device, actuated by remote control, was attached to the vehicle’s engine, thus enabling sur-veilling officers to stop the vehicle’s engine at such time as was deemed necessary.
Upon Crase’s return to the motel, defendant Landry gave him the money while defendant Lanstein opened the trunk of the vehicle to make sure that the marijuana was inside. The defendants then departed in the vehicle and were followed by surveillance units to Waldo, a few miles north of Gainesville. Waldo was chosen by the officers as the place to stop the defendants’ vehicle because it was well lighted and there were several police units in the area. When the defendants arrived in Waldo, the officers activated the electronic disabling device which caused the automobile’s engine to cut off. The officers’ purpose was to arrest the defendants and seize the marijuana.
After the defendants were placed under arrest, an inventory search of the vehicle was conducted before it was towed to the narcotics unit garage and a small quantity of marijuana was found in the passenger compartment. The trunk was not opened at the arrest scene because the key was not available. However, after the vehicle was transported to the narcotics unit garage, the officers located a trunk control button inside the passenger compartment and the trunk was then opened. The officers recovered the bales of marijuana from the trunk, the same bales which had been placed there earlier by the officers. Before opening the wrapped bales, the officers decided to secure a search warrant authorizing removal of the wrapping.
The trial court granted the defendants’ motion to suppress, finding an absence of exigent circumstances to justify a warrantless search of the vehicle trunk. The trial court erred because exigent circumstances were not required to justify the warrantless trunk search. In Michigan v. Thomas, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982), the Court held that probable cause to believe a vehicle legally stopped on the highway contains contraband permits a search without exigent circumstances even after the vehicle has been impounded. The court stated:
In Chambers v. Maroney, 399 U.S. 42, 26 L.Ed.2d 419, 90 S.Ct. 1975 (1970), we held that when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody. We firmly reiterated this holding in Texas v. White, 423 U.S. 67, 46 L.Ed.2d 209, 96 S.Ct. 304 (1975). See also United States v. Ross, 456 U.S. 798, 807, n. 9, [102 S.Ct. 2157, 2163, n. 9] 72 L.Ed.2d 572 (1982). It is thus clear that the justification to conduct such a war-rantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court’s assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have *430 been tampered with, during the period required for the police to obtain a warrant.
458 U.S. at 261, 102 S.Ct. at 3081, 73 L.Ed.2d at 753.
More recently, in Florida v. Meyers, — U.S. -, 104 S.Ct. 1852, 80 L.Ed.2d 381 (1984), the Court took the opportunity to reiterate its holding in Michigan v. Thomas, supra. In Meyers, supra, several items were seized from the defendant’s car when it was searched at the time of his arrest. The vehicle was then towed into a locked, secure area where it was impounded. A second warrantless search was conducted approximately eight hours later disclosing additional evidence. The trial court denied the defendant’s motion to suppress the evidence resulting from the second search and a conviction followed. The Fourth District Court of Appeal of Florida reversed, holding that the second search was distinguishable from a Chambers v. Maroney, supra, search because the car was impounded and thus immobile during the second search. In overturning the Fourth District’s ruling, the Supreme Court stated:
In Michigan v. Thomas, * * * we upheld a warrantless search of an automobile even though the automobile was in police custody and even though a prior inventory search had already been made. That ruling controls the disposition of this case. In Thomas, we expressly rejected the argument accepted by the Court of Appeal in the present case, noting that the search upheld in Chambers was conducted “after [the automobile] was impounded and [was] in police custody” and emphasizing that “the justification to conduct such a warrantless search does not vanish once the car has been immobilized.” 458 U.S., [259] at 261, 73 L.Ed.2d 750 [at 753], 102 S.Ct. 3079 [at 3081]. The Court of Appeal's ruling that the subsequent search in this case was invalid because the car had been impounded is clearly inconsistent with Thomas and Chambers.
— U.S. at —, 104 S.Ct. at 1853, 80 L.Ed.2d at 384.
The defendants assert that the above authorities are not controlling because, as they say, the mobility of automobiles which justifies warrantless highway stops and searches did not exist in the present case because of the presence of the electronic disabling device. Thus, defendants say, their vehicle was actually under the control of the officers and the mobility rationale for a warrantless search was not present. We reject this proffered distinction. The legality of the search does not turn upon whether the subject vehicle is “stopped and detained” by the exotic technique employed in this case or by the more conventional method of the police pulling over and stopping the vehicle.
The trial court’s order granting appellants’ motion to suppress evidence is Reversed.
SHIVERS and WENTWORTH, JJ., concur.