## STATE of Maine

v.

## Dante E. PALMISANO.

Supreme Judicial Court of Maine.

Argued Oct. 31, 1988.

Decided Feb. 6, 1989.

William R. Anderson (orally), Dist. Atty., David Spencer, Asst. Dist. Atty., Wiscasset, for the State.

Dennis C. Hagemann (orally), Damariscotta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Pursuant to 15 M.R.S.A. § 2115–A (1980 & Supp.1987) and M.R.Crim.P. 37B, the State appeals from a pretrial decision of the District Court, Wiscasset (*MacDonald, A.R.J.*), granting Dante Palmisano's motion to suppress evidence. We vacate the suppression order.

The facts are undisputed. Police officers stopped Palmisano's Chevrolet Suburban on Route 1 in Damariscotta, after receiving a radio report that the driver of the vehicle had left a hardware store in Wiscasset without paying for a drywall gun. Palmisano was not placed under formal arrest but was asked to proceed to the police station. A deputy sheriff followed behind as Palmisano drove his own vehicle to the station. At the station, Palmisano denied taking the drywall gun. A records check revealed that Palmisano's license had been suspended and he was arrested on that charge. Without receiving permission to search and without obtaining a search warrant, officers searched the vehicle, which was parked behind the station, and found a drywall gun later identified as belonging to the hardware store.

After Palmisano was charged with Class E theft, he filed a motion to suppress the evidence. The District Court found that the officers had probable cause to search the vehicle at the time of the stop, but ruled that both probable cause and exigent circumstances had to exist before a warrantless search could be justified. Finding no exigent circumstances, the court granted Palmisano's motion to suppress the evidence gained from the search.

In *State v. Bouchles*, 457 A.2d 798 (Me. 1983), police officers had probable cause to believe that a van stopped in a restaurant parking lot contained cocaine. We held that since the police could constitutionally make an immediate warrantless search of the van, the fact that they elected to move the van to a secure location before searching it did not affect their right to carry out a warrantless search. *Id.* at 800. The case at bar is indistinguishable from *Bouchles*. The officers had probable cause to believe that Palmisano's vehicle contained stolen merchandise. Although the District Court determined that no exigent circumstances existed when Palmisano's vehicle was searched at the police station, the officers could have performed a warrantless search at the time of the stop. *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). The justification to conduct a warrantless search of the vehicle did not disappear upon the effective seizure of the automobile. *United States v. Johns*, 469 U.S. 478, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985); *Michigan v. Thomas*, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982); *Bouchles*, 457 A.2d at 800. As the Supreme Court has stated, "if an immediate search on the scene could be conducted, but not one at the station if the vehicle is impounded, police often simply would search the vehicle on the street—at no advantage to the occupants, yet possibly at certain cost to the police." *Ross*, 456 U.S. at 807, n. 9, 102 S.Ct. at 2163–64, n. 9.

The entry is:

Suppression order vacated.

All concurring.