Justice White,
dissenting.
In this case, a reliable informant told police that respondent had cocaine in his truck. Several hours later, the police stopped respondent while he was driving his truck, asked for and received permission from respondent to search the truck, and discovered cocaine. Respondent was subsequently convicted, but the Arizona Court of Appeals reversed the conviction, holding that the search of respondent’s truck was illegal because it did not fall within the automobile exception to the warrant requirement and was not conducted pursuant to a valid investigatory stop. 166 Ariz. 392, 803 P. 2d 113 (1990). The Arizona Supreme Court denied discretionary review.
The Arizona Court of Appeals’ holding in this case is contrary to relevant decisions of this Court, see, e. g., United States v. Hensley, 469 U. S. 221, 226-229, 232 (1985); Alabama v. White, 496 U. S. 325 (1990); California v. Carney, 471 U. S. 386, 392 (1985); Michigan v. Thomas, 458 U. S. 259, 261 (1982), and should be reversed. That the decision below was rendered by an intermediate state appellate court should make no difference. The trend in state supreme courts towards discretionary review has *1213 resulted in the intermediate state appellate courts taking on a large and significant role in the development and application of state and federal law in their respective jurisdictions. This Court should not deny review on the basis of an outdated perception of the role of state intermediate appellate courts.