UNITED STATES, Appellee,

v.

Brian M. SCHMITT, Private First Class, U.S. Army, Appellant.

No. 65,718.

CM 8903476.

U.S. Court of Military Appeals.

Argued April 19, 1991.

Decided Aug. 20, 1991.

For Appellant: *Captain Mark L. Toole* (argued); *Colonel Robert B. Kirby, Lieutenant Colonel Russell S. Estey, Captain Brian D. Bailey* (on brief).

For Appellee: *Captain Donna L. Barlett* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Major Maria C. Fernandez* (on brief).

*Opinion of the Court*

COX, Judge:

This case requires us to consider whether evidence seized from appellant's automobile was properly admitted into evidence. 32 MJ 315. We conclude that it was and affirm.

At the time of the offense, appellant was stationed at Fort Hood, Texas. While on authorized leave from his unit, he left his automobile lawfully parked in a parking lot on the post.

Two military policemen were assigned the routine duty of patrolling Fort Hood for the purpose of identifying and "tagging" possible abandoned vehicles. The policemen were following procedures prescribed by Army Regulation 190–5. During the patrol, they happened upon appellant's vehicle. The vehicle appeared to the policemen to be abandoned. The license tags on the vehicle had expired, and fluids were seeping from under the vehicle.

The condition of the vehicle prompted a closer look by one of the policemen. As he approached the vehicle, he peered through the window into the interior. He saw a PRC–77, a unique military radio, and some component parts to radios. He also saw a laundry bag and an ammunition can. Because this appeared to be contraband, the military policemen made a decision to call in a police detective to take over the investigation.

A license-tag check identified appellant as the last registered owner of the vehicle. The investigator then attempted to locate appellant but discovered that he was on leave. He also tried to find appellant's commanding officer and first sergeant, but they, too, were unavailable. The investigator then returned to the vehicle and entered it by using a tool commonly called a "Slim Jim." Once inside, he seized the radio; the

ammunition can, which contained both live and blank ammunition; the radio parts; and the laundry bag. The laundry bag contained numerous Meals Ready to Eat (MREs), "the individual packages," which were also military property.*

At trial, appellant contested admissibility of the seized evidence. The military judge ruled that the evidence had not been seized in violation of appellant's rights under either the Fourth Amendment to the Constitution or the Military Rules of Evidence, Manual for Courts-Martial, United States, 1984.

The Government advances several theories to support admissibility of the evidence. For example, it contends that the evidence was "government property" and, thus, was subject to seizure at any time. Mil.R.Evid. 316(d)(3), Manual, *supra.* It also advances the argument that, because the policemen had a reasonable belief that the vehicle was abandoned, they had the right to inventory the contents of the vehicle.

However, it is necessary to the resolution of this case to consider but one theory. The Supreme Court has made it quite clear that a warrantless search of an automobile which is founded upon *probable cause* will not violate the Fourth Amendment's prohibition against unreasonable searches and seizures. *California v. Acevedo,* —— U.S. ——, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991) ("The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained."); *California v. Carney,* 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985); *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *Michigan v. Thomas,* 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982); *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

Thus, to determine the legality of this search and subsequent seizure, we need focus only on the question whether the military policemen had probable cause to believe that contraband property was located within the vehicle.

It is undisputed that the PRC–77 Radio and the ammunition can are equipment ordinarily used by the United States Army. The mere fact that this type of property can be acquired lawfully from civilian sources does not detract from the fact that it is primarily used by the military in carrying out its mission. Military equipment is not normally stored in a private vehicle in "plain view" of all passers-by. Thus, a military policeman seeing the property in a vehicle would have probable cause to believe that it was either stolen or being stored in an unauthorized manner. Either of these two reasonable alternatives would make the goods subject to seizure, if for no other reason than the security of the government property.

We are satisfied that the military police investigator had probable cause to believe that the items viewed through the window of the vehicle were contraband government property. Accordingly his entry into and subsequent search of the vehicle and seizure of the evidence was lawful.

The decision of the United States Army Court of Military Review is affirmed.

Senior Judge EVERETT concurs.

SULLIVAN, Chief Judge (concurring):

I agree with the majority opinion's resolution of this case. The presence of military property in plain view in a private vehicle in an apparently abandoned condition on a military base parking lot constituted probable cause to believe that such property was stolen or being maintained there without proper authorization. These circumstances also satisfy the two prerequisites for application of the automobile exception to the general warrant requirement of the Fourth Amendment. *See Cali-*

---

* It should be noted that no exigent circumstances compelled an immediate entry into the vehicle. Furthermore, a search authorization, the military equivalent of a warrant, was easily obtainable by the military policemen. These factors are not of decisional importance. *Michigan v. Thomas,* 458 U.S. 259, 262, 102 S.Ct. 3079, 3081, 73 L.Ed.2d 750 (1982).

*fornia v. Carney,* 471 U.S. 386, 394, 105 S.Ct. 2066, 2070, 85 L.Ed.2d 406 (1985). Additionally, I note that the police investigator in this case even attempted to locate the owner of the car but discovered the latter was not available to be asked for his consent. The subsequent entry of this potentially mobile vehicle to seize the exposed military property was reasonable under the Fourth Amendment. *Id.*

As to the search of closed containers (the ammunition can and the laundry bag), the same conclusion is warranted. The discovery of an Army radio, accessories to that radio, and a military ammunition can in the above circumstances established probable cause to believe that additional stolen or unauthorized military property might be in these containers and justified their being searched. Therefore, under the majority rule of *California v. Acevedo,* ── U.S. ──, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991), as well as the reasonableness standard of the Fourth Amendment espoused by Justice Scalia in his concurring-in-the-judgment opinion in that case, *id.* at 1992, the search of these containers was permissible.