PER CURIAM.
Assuming without deciding that the defendant Carlos Daniel had a reasonable expectation of privacy in the brown bag which the police searched and seized cocaine from, and, therefore, was authorized to challenge such search as a violation of his Fourth Amendment rights, but see Illinois v. Andreas, 463 U.S. 765, 103 S.Ct. 3319, 77 L.Ed.2d 1003 (1983), we conclude that the subject search was reasonable within the meaning of the Fourth Amendment based on the moving vehicle exception to the search warrant requirement rule and that, accordingly, the trial court erred in granting the defendant’s motion to suppress the subject cocaine. We reach this result because: (1) there was, without dispute, ample probable cause to search the automobile in which the brown bag was discovered and searched; (2) no search warrant was required to search either the automobile [even though the automobile was immobilized at the time of the search], or the brown bag in the automobile. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); see United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
Contrary to the defendant’s argument, Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) did not require the police to obtain a search warrant prior to searching the automobile herein because, unlike Coolidge, (a) the automobile herein was being operated on the public streets and was not parked on residential premises, and (b) the police did not have sufficient time to obtain a search warrant before the automobile was stopped and searched; indeed, the probable cause to search the automobile did not arise until minutes before the police stopped the automobile and searched it. Moreover, where a moving vehicle is stopped on the public street by police and immobilized, as here, the law is well settled that the police need not obtain a search warrant to search the vehicle so long as there is probable cause for the search. Chambers, 399 U.S. at 52, 90 S.Ct. at 1981. (“For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.”); Michigan v. Thomas, 458 U.S. 259, 261, 102 S.Ct. 3079, 3080, 73 L.Ed.2d 750 (1982) (“[W]hen police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody.... It is thus clear that the justification to conduct such a warrant-less search does not vanish once the car has been immobilized.”); State v. Starkey, 559 So.2d 335, 339 (Fla. 1st DCA 1990). (“[T]he police are now free to search any vehicle, any time, and any place (except when it is on. residential property) simply because the police have probable cause to *1346 believe that the vehicle contains contraband or other evidence of crime. It is our understanding that the [California v.] Carney [471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985) ] holding has eliminated any Fourth Amendment requirement for a warrant or showing of exigent circumstances.”)
The order under review suppressing the cocaine in this case is reversed and the cause is remanded to the trial court for further proceedings.