**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FRANCO ANTHONY SMITH,

Defendant-Appellant.

No. 98-6003
(D.C. No. 97-CR-115)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, the case is ordered submitted without oral argument.

Defendant Franco Anthony Smith appeals his conviction for possession with intent to distribute approximately thirteen pounds of crack cocaine, in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violation of 21 U.S.C. § 841(a)(1). We affirm.

Smith was traveling westbound on Interstate 44 in Oklahoma City when the police stopped his vehicle for speeding. Smith did not have a driver's license or proof of insurance, and the police determined he was not the owner of the vehicle. He was arrested. While preparing to have the vehicle impounded, the police observed "inconsistencies" around the passenger side air bag in the dash of the vehicle. The police lifted the cover over the air bag and observed what they believed to be contraband. The vehicle was transported to police headquarters and the police conducted a complete search of the vehicle. Approximately thirteen pounds of crack cocaine was discovered in the passenger air bag compartment.

As his sole issue on appeal, and for the first time in the litigation, Smith contends the evidence seized from the vehicle should have been suppressed because it was the result of an illegal search. More specifically, he asserts the scope of the search at police headquarters exceeded the scope of a permissible inventory search. Since Smith did not present this issue to the district court, we review it for plain error. See Fed. R. Crim. P. 52(b). "We may correct an error not raised at trial . . . if there is (1) error (2) that is plain and (3) that affects substantial rights." United States v. Smith, 131 F.3d 1392, 1397 (10th Cir. 1997), cert. denied, 118 S. Ct. 1109 (1998). "If these three elements are present we may

exercise our discretion to notice forfeited error, 'but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting Johnson v. United States, 117 S. Ct. 1544, 1549 (1997)).

Assuming, arguendo, that Smith had a sufficient possessory interest in the vehicle to afford him standing to challenge the search, see generally United States v. Shareef, 100 F.3d 1491, 1499-1500 (10th Cir. 1996), we find no error arising from the search or the district court's subsequent admission of evidence obtained from the search. Given the suspicious circumstances surrounding Smith's arrest (no driver's license or proof of insurance and his evasive answers to police questions) and discovery of the hidden compartment in the vehicle, we conclude the police had probable cause to search the entire vehicle for contraband. See California v. Acevedo, 500 U.S. 565, 580 (1991) ("police may search an automobile . . . where they have probable cause to believe contraband . . . is contained"); United States v. Ross, 456 U.S. 798, 799 (1982) (probable cause justifies the "search of every part of the vehicle and its contents, . . . that may conceal the object of the search"); United States v. Anderson, 114 F.3d 1059, 1066 (10th Cir. 1997) (discovery of evidence of hidden compartment in vehicle, together with other suspicious factors, constitutes probable cause to conduct thorough search of vehicle). The fact that the search was not completed until after the vehicle was transported to police headquarters did not eliminate

-3-

justification for the search.  "[W]hen police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody."     Michigan v. Thomas   , 458 U.S. 259, 261 (1982).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge