# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1146

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Larry M. Maggard, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 9, 2000
Filed: May 26, 2000

_____

Before BOWMAN, LOKEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Larry M. Maggard, convicted and sentenced pursuant to his conditional plea of guilty to methamphetamine and firearm charges, appeals the decision of the District Court[1] denying Maggard's motion to suppress evidence. The incriminating evidence in question was seized during a warrantless search of Maggard's pickup truck. For reversal, Maggard argues that inasmuch as the pickup truck obviously was not readily mobile, the automobile exception does not apply to excuse the warrantless search.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

Having reviewed the record, we conclude, based on all the circumstances surrounding the search of the pickup truck, that the District Court's decision to deny the suppression motion was correct. This Court "review[s] the facts supporting a District Court's denial of a motion to suppress for clear error, and review[s] *de novo* the legal conclusions that are based upon those facts." United States v. Cunningham, 133 F.3d 1070, 1072 (8th Cir.), cert. denied, 523 U.S. 1131 (1998). Maggard does not dispute any of the District Court's findings of fact. Instead, he argues only that because the pickup truck was not readily mobile, the automobile exception to the warrant requirement is inapplicable. We disagree.

As the Supreme Court has observed, "[A]lthough ready mobility alone was perhaps the original justification for the vehicle exception, our later cases have made clear that ready mobility is not the only basis for the exception." California v. Carney, 471 U.S. 386, 391 (1985). "'Besides the element of mobility, less rigorous warrant requirements govern because the expectation of privacy with respect to one's automobile is significantly less than that relating to one's home or office.'" Id. at 391 (quoting South Dakota v. Opperman, 428 U.S. 364, 367 (1976)).

Here, although not readily mobile, the pickup truck did not appear to have lost its inherent mobility. It was merely stuck in a ditch. Inasmuch as there was no evidence of any permanent immobility, it was reasonable for the officers who conducted the search to conclude that all the truck needed was to be towed out of the ditch and then it could have been driven away. Additionally, Maggard does not dispute that the officers had probable cause to believe the truck contained contraband. Thus, since the occupants of the truck could have returned to the scene to remove the contraband while the officers were obtaining a warrant, quick action by the officers was justified. All of these circumstances created sufficient exigency to justify application of the automobile exception. See Michigan v. Thomas, 458 U.S. 259, 261 (1982) (per curiam) (justification to conduct warrantless search "does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the

likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant").

We hold that the District Court did not err by denying Maggard's motion to suppress. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.