## UNITED STATES OF AMERICA

v.

**Johnny VASQUEZ, Defendant.**

**No. 03 CR 961(VM).**

United States District Court,
S.D. New York.

Jan. 20, 2004.

Christina Paglia Bischoff, U.S. Attorney's Office, Asst. U.S. Atty., Crim. Div., New York, NY, for USA.

Francisco Serrano Walker, Bronx, NY, for Johnny Vasquez.

### *DECISION AND ORDER*

MARRERO, District Judge.

Defendant Johnny Vasquez ("Vasquez") was arrested by New York City Police Department ("NYPD") officers in the Bronx, New York, after the officers observed him selling narcotics. Vasquez was subsequently transferred to federal custody and charged with possession of heroin with intent to distribute and possession of a firearm in furtherance of a drug trafficking offense. Vasquez has filed a motion pursuant to Fed.R.Crim.P. 12(b)(3) to suppress evidence seized during his arrest. For the following reasons, his motion is denied.

On the evening of July 22, 2003, an NYPD field team was conducting a surveillance operation in an area of the Bronx known for drug sales. From a rooftop, one officer observed Vasquez sitting alone in a parked vehicle (the "Vehicle"). That officer saw Vasquez reach into a recess in the passenger-side dashboard, remove an object, and give that object to another person in exchange for cash at least twice. The officer radioed his observations and a description of Vasquez to another member of the surveillance team, who then arrested Vasquez.

At the time of the arrest, Vasquez was standing several feet away from the Vehicle. The officers approached Vasquez and searched him. They recovered a gravity knife, $930 in cash, and a vehicle key, and placed Vasquez under arrest. The officers then used the key to unlock and search the Vehicle. The officers recovered a loaded handgun and 1.75 ounces of heroin from the recess in the passenger-side dashboard.

Vasquez argues that the police had no probable cause to search and arrest him because when the officers approached him he was in a public place and not engaged in any criminal behavior. He asserts that all evidence seized from him and all evidence derived therefrom should be suppressed. Vasquez alternatively argues that no exigent circumstances existed to support a warrantless search of the Vehicle and therefore all evidence seized from the Vehicle should be suppressed.

## I.   *ARREST*

■■■   A police officer may arrest an individual in a public place for a felony without a warrant if probable cause exists to support the arrest. *See Maryland v. Pringle,* —— U.S. ——, ——, 124 S.Ct. 795, 799, 157 L.Ed.2d 769 (2003). Probable cause exists if " 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.' " *United States v. McFadden,* 238 F.3d 198, 204 (2d Cir.2001) (quoting *United States v. Cruz,* 834 F.2d 47, 50 (2d Cir.1987)). To determine whether probable cause existed for an arrest, a court must "examine the events leading up to the arrest, and then

decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." *Pringle*, —— U.S. at ——, 124 S.Ct. at 800 (quoting *Ornelas v. United States*, 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)).

■ Before the police arrested Vasquez, a police officer conducting surveillance in a location known for drug sales observed Vasquez reach into a recess in the dashboard of the vehicle in which he was sitting, retrieve an object, and hand that object to another person in exchange for money at least twice. Vasquez does not deny that he engaged in this conduct. The officer who observed this conduct informed another officer of what he witnessed, and that second officer then arrested Vasquez. The Court concludes that given these facts, a reasonable person could believe that a crime was being committed. *See United States v. Washington*, 02 CR 1547, 2003 WL 21250681, at *3 (S.D.N.Y. May 29, 2003) (finding probable cause to arrest when police officers witnessed defendant hand a small item to another individual in exchange for money in an area where drug sales were prevalent). Accordingly, Vasquez's motion to suppress evidence seized from his person is denied.

## II. *SEARCH OF VEHICLE*

■ After the officers arrested Vasquez, they used the key they recovered from him to open the Vehicle. During a search of the Vehicle, the officers discovered a loaded handgun and an amount of heroin. Vasquez argues that these items should be suppressed because the police did not have a warrant to search the Vehicle and there were no exigent circumstances justifying the search.

■ A warrantless search of an automobile is justified when police have probable cause to believe that contraband or other evidence is contained in the vehicle and the vehicle is readily mobile. *See Maryland v. Dyson*, 527 U.S. 465, 466–67, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999); *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996); *California v. Acevedo*, 500 U.S. 565, 580, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991); *United States v. Harwood*, 998 F.2d 91, 96 (2d Cir.1993). The Supreme Court has expressly made clear that the automobile exception to the general requirement of obtaining a search warrant contains no exigency element. *See Dyson*, 527 U.S. at 466–67, 119 S.Ct. 2013.

In this case, a police officer observed Vasquez repeatedly obtain items from inside a vehicle and give them to people in exchange for cash in an area known for drug sales. When police officers arrested Vasquez, they discovered $930 in cash, a knife, and the key to the Vehicle on his person.

Vasquez argues that the Vehicle was not readily mobile because it was locked and the police had Vasquez in custody. But merely because the occupant of a vehicle is in custody does not mean that other individuals do not have access to that vehicle. The Supreme Court has upheld searches of vehicles made after police arrested defendants who were observed selling drugs from those vehicles. *See Labron*, 518 U.S. at 939, 116 S.Ct. 2485. The Court has also stated that "the justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant." *Michigan v. Thomas*, 458 U.S. 259, 261, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982).

The Court concludes that the facts and circumstances in the present case would justify a person of reasonable caution in the belief that the Vehicle contained contraband. Accordingly, the motion to suppress the evidence seized from Mr. Vasquez's vehicle is denied.

**SO ORDERED**