— Judgment, Supreme Court, New York County (Richard D. Carruthers, J), rendered April 20, 2011, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 10 years, unanimously affirmed.
The court properly denied defendant’s suppression motion. After lawfully arresting defendant for robbery, the police lawfully searched the car in which he had been riding, including a closed container found in the trunk, based on probable cause to believe the car contained evidence or instrumentalities of the robbery. Since the search was based on the automobile exception (see People v Blasich, 73 NY2d 673 [1989]) rather than being a search incident to an arrest, the officers’ right to search was not affected by the fact that the occupants of the car had been removed and taken into custody. “[T]he justification to conduct such a warrantless search does not vanish once the car has been immobilized” (Michigan v Thomas, 458 US 259, 261 [1982]). Contrary to defendant’s argument, there is nothing in Arizona v Gant (556 US 332 [2009]) that calls this principle into question (see id. at 347; see also People v Green, 100 AD3d 654, 655-656 [2d Dept 2012], lv denied 20 NY3d 1011 [2013]). Concur — Andrias, J.P., Friedman, Moskowitz, DeGrasse and Feinman, JJ.