# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1093

_____

United States of America

*Plaintiff - Appellee*

v.

Aurelio Javier Ortiz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 12, 2014
Filed: September 18, 2014
[Unpublished]

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Aurelio Javier Ortiz appeals from the district court's[1] order denying his motion to suppress evidence. We affirm.

_____

[1]The Honorable Stephanie Rose, United States District Judge for the Southern District of Iowa.

On November 25, 2012, a police officer stopped Ortiz's vehicle because it did not have a front license plate. When the officer noticed that the vehicle contained four occupants—Ortiz and three passengers—he called for backup. As the officer approached the vehicle, he detected a strong odor of unburnt marijuana emanating from it. In response to the officer's question about the smell, Ortiz stated that the three passengers had recently smoked marijuana inside the vehicle.

Two officers searched the vehicle on the basis of Ortiz's statement. They discovered several empty plastic bags in the vehicle's center console, but could not initially locate the source of the marijuana smell. After about thirty minutes, the officers determined that the smell was originating from the ceiling of the vehicle. They pulled down the vehicle's fabric headliner and discovered a bag of marijuana, a bag of methamphetamine, a bag of unidentified pills, and a drug pipe.

The officers then began to search the rest of the vehicle more thoroughly. Although there was no odor of marijuana coming from the rear of the vehicle, one of the officers lifted up the rubber matting on the floor underneath the backseat and found a handgun there.

Ortiz was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He moved to suppress evidence of the handgun as the fruit of an illegal search under the Fourth Amendment. The district court denied the motion, and Ortiz appealed.

II.

"When reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo." United

States v. Anderson, 688 F.3d 339, 343 (8th Cir. 2012). Ortiz asserts that the district court should have suppressed the evidence of the handgun because the officers lacked the authority under the Fourth Amendment to search the area underneath the backseat of his vehicle.  Police officers may "conduct a warrantless search of an automobile if, at the time of the search, they have probable cause to believe that the vehicle contains contraband or other evidence of a crime." United States v. Farnell, 701 F.3d 256, 264 (8th Cir. 2012) (quoting United States v. Kennedy, 427 F.3d 1136, 1140-41 (8th Cir. 2005)).  "Probable cause exists where there is a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Donnelly, 475 F.3d 946, 954 (8th Cir. 2007) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).

Ortiz concedes that the smell of unburnt marijuana gave the officers probable cause to search parts of the vehicle for marijuana, but he contends that because the backseat area did not give off an odor of marijuana, the officers lacked probable cause to search that part of the vehicle.  The discovery of well-hidden amphetamines and pills, however, gave the officers probable cause to search areas of the vehicle that did not emit any odor of marijuana, since neither article of contraband produces any odor. See Michigan v. Thomas, 458 U.S. 259, 260 (1982) (per curiam).  Accordingly, the district court did not err in denying Ortiz's motion to suppress evidence.

III.

The judgment is affirmed.

_____

-3-