JOURNAL ENTRY AND OPINION
Keith Jones appeals from a judgment of the common pleas court, finding him guilty of the crimes of possession of crack cocaine and possession of criminal tools following his plea of no contest to the charges. On appeal, he alleges the court abused its discretion when it denied his pre-plea motion to suppress evidence and his post-plea motion to withdraw his no contest plea. After reviewing the facts in this case, we affirm the judgment of the trial court.
The record before us reveals that on August 13, 1997, Officer James Simone stopped a vehicle owned by Jones and driven by Jeffrey Poultney, for violating the posted speed limit. Concerned that Poultney may have been intoxicated, Simone ordered him out of the vehicle. Simone testified that he and Officer Kirby conducted a field sobriety test on Poultney, determined him to be intoxicated and arrested him for driving while under the influence of alcohol. The officers then arrested Jones for negligent entrustment and also arrested another passenger, Erma McKissack, on an outstanding warrant. Officer Simone placed Jones and Poultney in his patrol car and McKissack in a different patrol car.
The record further reveals that because all three occupants of the vehicle had been placed under arrest, the officers called for a tow truck and initiated an inventory search of the vehicle at the scene, which revealed two rocks of crack cocaine, one in the ashtray and another in a Nike tennis shoe in the back seat of the car. The officers then further advised Jones, Poultney and McKissack that they were under arrest for violation of state drug laws. Officer Simone further testified that upon placing Jones and Poultney in his police car, he informed them not to talk because anything they said while in the patrol car may be videotaped or audio taped and, in fact, the audiotape had been turned on and ran continuously until they reached the police station. Officer Simone transported Jones and Poultney to the police station while Officer Kirby waited for the tow truck to arrive.
Upon arriving at the police station, Officer Simone placed Jones and Poultney in a holding cell and removed the tape from the patrol car. That audio tape contained a conversation between Jones and Poultney concerning the officer's failure to discover additional drugs hidden in the trunk of the car. Officer Simone then radioed Officer Kirby and instructed him to re-search the trunk. Officer Kirby testified that he discovered a bag of suspected crack cocaine inside the trunk and a piece of crack cocaine on the floor of the trunk.
The grand jury indicted Jones on November 11, 1997, charging him with drug possession in an amount greater then twenty-five grams, but not exceeding one hundred grams and with possession of criminal tools. Jones filed a motion to suppress the crack cocaine found in the trunk and the court denied his motion. Jones then entered a plea of no contest and on December 11, 1998, moved the court to withdraw his plea, alleging his defense counsel had not informed him that the amount of drugs found in his car made the crime a first degree felony and that had he gone to trial, he could have shown that not all of the drugs belonged to him. The court denied his motion and sentenced him to concurrent terms of three years for the offense of drug possession and six months for possessing criminal tools. Jones now appeals and sets forth two assignments of error for our review.
 I. KEITH JONES WAS DENIED HIS CONSTITUTIONAL RIGHT AGAINST UNLAWFUL SEARCH AND SEIZURE, WHEN THE TRIAL COURT OVERRULED HIS MOTION TO SUPPRESS THE EVIDENCE SEIZED FROM HIM DURING AN ILLEGAL SEARCH.
Relying on Coolidge v. New Hampshire (1971), 403 U.S. 443, Jones argues that because he had been arrested and that the police had exercised control over his vehicle prior to searching it, no exigent circumstances existed. Therefore, Jones now urges that the court should not have overruled his motion to suppress the evidence seized from the trunk of the vehicle because the police should have obtained a search warrant before re-searching the vehicle in response to the advice received from Officer Simone. The state, however, maintains the court properly denied the motion to suppress because in this instance the officer conducted an inventory search of the contents of the vehicle and no warrant is required for this type of search.
The issue, then, concerns whether the trial court erred in overruling the motion to suppress the crack cocaine found in the truck of his car as a result of the actions of Officer Simone, who listened to the tape recording of the statements of the accused, called the officer at the scene and instructed him to re-search the trunk of the vehicle.
We begin our analysis by reviewing the appropriate standard of review for matters involving a motion to suppress. The court inState v. Lloyd (1998), 126 Ohio App.3d 95, stated:
 [O]ur standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. See State v. Winand (1996), 116 Ohio App.3d 286 citing Tallmadge v. McCoy (1994), 96 Ohio App.3d 604
. *** [T]his is the appropriate standard because "in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer (1996), 112 Ohio App.3d 521
. However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard.
Further, in Michigan v. Thomas (1982), 458 U.S. 259, the court stated at 261:
 In Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), we held that when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody. We firmly reiterated this holding in Texas v. White, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975) See also United states v. Ross, 456 U.S. 798, 807, n. 9, 102 S.Ct. 2157, 2163, n. 9, 72 L.Ed.2d 572 (1982). It is thus clear that the justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant.
And, in Texas v. White, supra, the court characterized its holding this way:
 In Chambers v. Maroney we held that police officers with probable cause to search an automobile at the scene where it was stopped could constitutionally do so later at the station house without first obtaining a warrant. There, as here, "(t)he probable-cause factor" that developed at the scene "still obtained at the station house." 399 U.S., at 52, 90 S.Ct., at 1981.
We distinguish Coolidge, supra, from these facts because there, the court precluded the search of a vehicle located in the driveway without first obtaining a search warrant where Coolidge had been arrested inside his home for murder and the police had no reasonable expectation of finding contraband in the vehicle.
Jones also raises the issue of whether the trial court should have suppressed the audio taped conversation between him and Poultney that had occurred in the back seat of the patrol car. However, the court in U.S. v. Clark (1994), 99 F.3d 799 stated:
 [A] person does not have a reasonable or legitimate expectation of privacy in statements made to a companion while seated in a police car. *** A marked police car is owned and operated by the state for the express purpose of ferreting out crime. It is essentially the trooper's office, and is frequently used as a temporary jail for housing and transporting arrestees and suspects. The general public has no reason to frequent the back seat of a patrol car, or to believe that it is a sanctuary for private discussions. *** In other words, allowing police to record statements made by individuals seated inside a patrol car does not intrude upon privacy and freedom to such an extent that it could be regarded as inconsistent with the aims of a free and open society. (Citations omitted).
In this case, the officers conducted an inventory search of the vehicle at the scene of the arrest, and after transporting Jones to the police station, Officer Simone listened to the tape recording of Jones' conversation in the police car and learned of the crack cocaine in the trunk. Pursuant to Clark, Jones has no reasonable expectation of privacy for a conversation held in a patrol car. Accordingly, acting on the inculpatory statements of the accused, the officers had probable cause to conduct a second search of the trunk of the vehicle on the scene. This is so because in Maroney, the court determined that the probable cause that developed at the scene, "still obtained at the station house." To re-search, therefore, at the scene, does not violate the Fourth Amendment. Accordingly, this assignment of error is overruled.
 II. KEITH JONES WAS DENIED HIS CONSTITUTIONAL RIGHT TO A TRIAL, WHEN THE TRIAL COURT DENIED HIS PRE-SENTENCE MOTION TO WITHDRAW HIS NO CONTEST PLEA.
Jones maintains the court violated his constitutional right to trial when it denied his pre-sentence motion to withdraw his plea of no contest. The state, however, maintains the court did not violate his constitutional right to trial when it denied Jones' motion because the record demonstrates the court afforded the motion full and fair consideration.
The issue presented for our review concerns whether the court denied Jones his constitutional right to trial by overruling the pre-sentence motion to withdraw his plea of no contest.
We begin our examination of this issue with Crim.R. 32.1 which states in part:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
The court in State v. Xie (1992), 62 Ohio St.3d 521, stated in its syllabus:
 1. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
 2. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.
Additionally, in State v. Peterseim (1980), 68 Ohio App.2d 211, we stated:
 A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.
Applying these Peterseim factors in this case, we have determined that Jones had been represented by highly competent counsel; that the court afforded him a full Crim.R. 11 hearing, before he entered his plea of no contest; the court conducted a complete and impartial hearing on the motion to withdraw; and the court gave full and fair consideration to the motion, as evidenced by the following colloquy:
 MR. TITTLE: (defense counsel) Just so the record is clear, Mr. Jones has been consulting with Attorney James Young, who I think is still in the courtroom this morning. I don't think formally he retained Mr. Young, but Mr. Young recommended to him that he try to vacate the plea at this point, and I think that's what Mr. Jones is attempting to do. I, on the other hand, don't think that that's a good idea, but I'm obviously not running the show. Mr. Jones is requesting at this time to vacate his no contest plea, your Honor.
 MR. JONES: Well, your Honor, I had talked to one other counsel. When I had talked to Mr. Redfield, he also informed me that the weight of the drugs was that Mr. Poultney got sentenced on one gram, so they should have also dropped my weight to an F-2, but didn't. You know what I'm saying?
 I'm not saying that it wasn't mine and that I didn't do no crime, but what I'm saying is, could I have a chance to, you know, be out here with my people in a shorter time. * * *
* * *
 THE COURT: All right. On the first issue relative to the apparent motion to withdraw the plea, I'm going to deny the motion. It occurs to me from what I've heard that the reason for the withdrawal has nothing to do with any new evidence or anything of that type of merit, but rather just as the defendant stands here looking at prison, he wants to try to get a better deal.
From our review of this record, Jones asserts as his chief reason to vacate the plea that he would like a shorter prison sentence. This falls outside the Peterseim factors, and impels us to conclude that the court did not abuse its discretion in denying the motion. Accordingly, this assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JUDGMENT: AFFIRMED.
JAMES D. SWEENEY. J., and MICHAEL J CORRTGAN. J. CONCUR
 ___________________________ PRESIDING JUDGE TERRENCE O'DONNELL