ACCEPTED
03-13-00724-CR
3685444
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/7/2015 3:27:48 PM
JEFFREY D. KYLE
CLERK

NO. 03-13-00724-CR

IN THE COURT OF APPEALS

OF THE THIRD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/7/2015 3:27:48 PM
JEFFREY D. KYLE
Clerk

--------------------------

STEPHEN TRACY MEREDITH,
                         Appellant

v.

THE STATE OF TEXAS
                         Appellee

--------------------------

Appeal in Cause No. 41286 in the
424th Judicial District Court of Burnet County, Texas

--------------------------

## *Brief For Appellee*

--------------------------

OFFICE OF DISTRICT ATTORNEY
33RD and 424th JUDICIAL DISTRICTS
Wiley B. McAfee, District Attorney
P. O. Box 725, Llano, Texas 78643
Telephone          Telecopier
(325) 247-5755     (325) 247-5274
g.bunyard@co.llano.tx.us

By: Gary W. Bunyard
    Assistant District Attorney
    State Bar No. 03353500
    ATTORNEY FOR APPELLEE

January 7, 2015

## *Oral Argument Waived*

## *Identity Of The Parties*

Trial Court

        Honorable Daniel H. Mills
        424th Judicial District
        Burnet County Courthouse Annex (North)
        1701 East Polk St., Suite 74
        Burnet, TX 78611

State/Appellee

        Richard Crowther        (Pretrial Counsel)
        Assistant District Attorney
        P. O. Box 725
        Llano, Texas 78643
        (325) 247-5755
        State Bar No. 05174200

        Peter Keim        (Trial Counsel)
        Assistant District Attorney
        P. O. Box 725
        Llano, Texas 78643
        (325) 247-5755
        State Bar No. 15532500

        Blake Ewing        (Trial Counsel)
        Assistant District Attorney
        P. O. Box 725
        Llano, Texas 78643
        (325) 247-5755
        State Bar No. 24076376

Gary W. Bunyard          (Appellate Counsel)
Assistant District Attorney
P. O. Box 725
Llano, Texas 78643
(325) 247-5755
State Bar No. 03353500
g.bunyard@co.llano.tx.us

Appellant

Michelle Moore         (Trial Counsel)
Public Defender
1008 N. Water St.
Burnet, TX 78611
(512) 234-3061
State Bar No. 00798294

Michael Watson         (Pretrial and Trial Counsel)
Assistant Public Defender
1008 N. Water St.
Burnet, TX 78611
(512) 234-3061
State Bar No. 24060804

Gary E. Prust         (Appellate Counsel)
Attorney at Law
1607 Nueces St.
Austin, TX 78701
(512) 469-0092
State Bar No. 24056166
gary@prustlaw.com

Stephen Tracy Meredith       (Appellant)
TDCJ #01893438
SID #05359672
Nathaniel J. Neal Unit
9055 Spur 591
Amarillo, TX 79107-9696

# Table Of Contents

                                                                      Page

Index of Authorities.................................................................... vi

Statement of the Case................................................................ 2

Statement on Oral Argument...................................................... 2

Response to Issues Presented...................................................... 3

Statement of the Facts................................................................ 4

Summary of the Argument - Response to Issue No. 1................... 10
        The trial court properly denied Appellant's
        motion to suppress because the totality of the
        circumstances provided officers probable
        cause to believe that Appellant had narcotics
        hidden in the impounded vehicle.

Argument on Response to Issue No. 1.......................................... 11

Prayer for Relief........................................................................ 16

Certificate of Word Count.......................................................... 16

Certificate of Service................................................................. 17

# Index Of Authorities

Case Law                                                                        Page

Carroll v. United States, 267 U.S. 132; 45 S. Ct. 280;
      69 L. Ed. 543 (1925)................................................................    11

Florida v. Meyers, 466 U.S. 380; 104 S. Ct. 1852;
      80 L. Ed. 2d 381 (1984)......................................................    11, 12, 14

Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)........    12

Michigan v. Thomas, 458 U.S. 259; 102 S. Ct. 3079;
      73 L. Ed. 2d 750 (1982)......................................................    12

*State v. Clack*, 13-13-00345-CR (unpublished memorandum)........    12, 13

State v. Elias, 339 S.W.3d 667 (Tex. Crim. App. 2011)..................    12

State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000)............    12

## Constitutions

UNITED STATES CONST. Amend IV............................................ 11

TEXAS CONST. art. 1 § 9.............................................. 11

## Statutes/Rules

TEX. R. APP. PROC. 34.2.............................................. 4

TEX. R. APP. PROC. 34.5(e)......................................... 4

NO. 03-13-00724-CR

IN THE

COURT OF APPEALS

OF THE THIRD DISTRICT OF TEXAS

------------------------

STEPHEN TRACY MEREDITH,
                                        Appellant

v.

THE STATE OF TEXAS
                                        Appellee

------------------------

Appeal in Cause No. 41286
in the 424th Judicial District Court of
Burnet County, Texas

------------------------

***Brief For Appellee***


To The Honorable Justices Of Said Court:

Now comes the State of Texas, hereinafter called Appellee, and submits this

brief pursuant to the provisions of the Texas Rules of Appellate Procedure in support

of the State's request affirm the judgment of the trial court.

1

## *Statement Of The Case*

Appellant has adequately described the Statement of the Case.

## *Statement on Oral Argument*

The undersigned waives Oral Argument. The undersigned does not believe that Oral Argument will be beneficial for this case for the reason that the issues are straight forward and lack any novel or complex nuances. Should the Court believe that Oral Argument will assist the Court in any way, the undersigned will accommodate the Court.

## *Response To Issues Presented*

Response To Issue One: The trial court properly denied Appellant's motion to suppress because the totality of the circumstances provided officers probable cause to believe that Appellant had narcotics hidden in the impounded vehicle.

## Statement Of The Facts

Appellant has not accurately described the facts of this case. The State of Texas does join with Appellant to stipulate to the recreation of the charge and jury forms, the originals of which can not be located by the district clerk and are therefore not included in the original Clerk's Record. Supp RR Vol. III Exh. 1 and 2; TEX. R. APP. PROC. 34.2, 34.5(e).

Appellant was indicted on April 2, 2013, for the offense of Possession of a Controlled Substance, Cocaine, in an amount of less than one gram and the Indictment further alleged that prior to the commission of this offense Appellant has been previously convicted of four state jail offenses. CR Vol. 1 Pages 4 - 5. Appellant filed a motion to suppress evidence on September 4, 2013. CR Vol. 1 Page 10. The trial court conducted a hearing on the motion to suppress on September 11, 2013. RR Vol. 2.

At the hearing the parties stipulated that (1) there was a warrantless search of the vehicle (RR Vol. 2 Page 5), (2) the vehicle was impounded because the driver did not have a valid driver's license (RR Vol. 2 Pages 5, 8 - 9), and (3) shortly after the vehicle was impounded officers used a K-9 to conduct a free air sniff during which the K-9 alerted but the subsequent search of the vehicle yielded no narcotics. RR Vol. 2

4

Pages 5 - 9. The officers also conducted an inventory search which yielded drug paraphernalia but did not yield any narcotics. RR Vol. 2 Pages 5 - 9. The impound facility was owned and operated by Deputy Constable Garry Adams. RR Vol. 2 Pages 10 - 11.

Just under two weeks later, after Appellant had been released on bond, Appellant was allowed access to his vehicle to retrieve personal items as Appellant was unable to claim possession of the vehicle itself at that time. RR Vol. 2 Page 11. While Appellant and his companion were inside the vehicle locating and retrieving items of personal property, Deputy Constable Adams was standing at the front door of the vehicle supervising the actions of Appellant and his companion. RR Vol. 2 Page 11. Appellant was retrieving items from the driver's seat area of the front passenger compartment while the companion was retrieving items from the back area of Appellant's Suburban. RR Vol. 2 Pages 5, 15. Deputy Constable Adams observed Appellant heavily tugging at the front of the storage console attached to the headliner of the vehicle. RR Vol. 2 Pages 11, 18 - 19. Deputy Constable Adams directed Appellant to stop pulling on the storage console to avoid damage to the vehicle while it is in impound and Appellant complied. RR Vol. 2 Page 11.

Presumably after Appellant and his companion left the facility, Deputy Constable Adams contacted Burnet County Sheriff's Deputy Bindseil and reported that based on his previous training Deputy Constable Adams believed, from what he had observed of Appellant's actions, that there were narcotics still in Appellant's vehicle. RR Vol. 2 Page 12. The next day Deputy Constable Adams gave access to the interior of Appellant's vehicle to Officer Wills and Officer Fritsch. RR Vol. 2 Page 13. Officer Fritsch, seated in the driver's seat, tugged at the front of the storage console in the headliner in the same fashion that Deputy Constable Adams observed Appellant doing, and an item/material fell out. RR Vol. 2 Page 13. On cross-examination Deputy Constable Adams testified that the impound facility is fenced, locked, and not open to the general public. RR Vol. 2 Page 14. Appellant's vehicle was locked at all times with the key in a locked box in Deputy Constable Adams' office. RR Vol. 2 Page 13.

Deputy Constable Adams further testified that the manner in which Appellant was pulling at the storage console was different from an attempt to open the compartments built into the console. RR Vol. 2 Page 18 - 21. Based on his training and experience Deputy Constable Adams was familiar with the practice of hiding narcotics in secret storage areas within vehicles. RR Vol. 2 Page 21. Deputy Constable Adams testified he has been in law enforcement 18 years, has attended

6

multiple schools in narcotics investigation, and has assisted DPS and other law enforcement officers with numerous stops over the past ten years. RR Vol. 2 Pages 22 - 23.

Deputy Bindseil testified that he has been a trained K-9 handler for ten years. RR Vol. 2 Page 25. Deputy Bindseil testified that his current K-9 partner, Ringo, was initially trained as a patrol dog in Europe and then further trained for narcotics detection at the Hill Country Dog Center and has been working in the field with Deputy Bindseil since 2007. RR Vol. 2 Page 26. Ringo does annual certification in both narcotics and patrol work which is supplemented by monthly training. RR Vol. 2 Page 28. Deputy Bindseil testified that he received a call on June 7, 2012, to go to the impound lot and have Ringo conduct a free air sniff around Appellant's vehicle. RR Vol. 2 Page 27. Ringo alerted at the driver's side door. RR Vol. 2 Page 27.

After summarizing the evidence (RR Vol. 2 Pages 33 - 34) the trial court denied Appellant's motion to suppress and made the following findings:

1.    There was probable cause articulated by the dog;

2.    The furtive gestures then seen subsequent create the totality of circumstance where that justified the subsequent search;

3.   The officer is well trained and knows these furtive gestures, has seen them in the past; and

4.   There was probable cause to execute the search.

RR Vol. 2 Page 37.

At trial Burnet Police Officer Noland Hicks testified he stopped Appellant for driving with an invalid driver's license. RR Vol. 4 Page 22. In preparation for towing Appellant's Suburban officers conducted an inventory search during which officers located a pair of blue jeans containing two plastic baggies with suspicious residue which the officers considered to be drug paraphernalia and a white towel wrapped around a clear glass pipe with a bowl on the end that is commonly used in smoking methamphetamine and cocaine. RR Vol. 4 Pages 24 - 26. Deputy Bindseil testified about being called to the impound lot, running Ringo around Appellant's vehicle, and Ringo alerting on the vehicle. RR Vol. 4 Pages 41 - 45. Investigator Wills then testified about conducting the unsuccessful search following the K-9 alert. RR Vol. 4 Pages 55 -57. Investigator Wills then testified about returning to the impound lot after receiving notice from Deputy Constable Adams of Appellant's suspicious conduct when retrieving personal property from the vehicle and finding a baggy containing an off-white rock-like substance suspected to be cocaine. RR Vol. 4 Pages 58 - 60. Investigator Wills took the substance to the DPS lab for testing. RR

8

Vol. 4 Page 61. The DPS forensic scientist testified that the substance submitted was 0.14 grams containing cocaine. RR Vol. 4 Page 80. At the time that the actual substance, State's Exhibit Eight, was offered in evidence Appellant reurged his motion to suppress which the trial court denied and the exhibit was admitted into evidence. RR Vol. 4 Page 82.

## Summary Of The Argument on
## Response to Issue No. 1

(1)     The trial court properly denied Appellant's motion to suppress because the totality of the circumstances provided officers probable cause to believe that Appellant had narcotics hidden in the impounded vehicle.

Appellant complains that the trial court should have granted Appellant's motion to suppress because any probable cause that officers had developed at the time that the vehicle was impounded became stale due to passage of time and the officers were required to obtain a search warrant to conduct a subsequent search of Appellant's impounded vehicle.  However, officer's observation of Appellant attempting to access what appeared to the officer as a hidden compartment while Appellant was later removing personal items from the impounded vehicle, coupled with prior information gathered, including the free air sniff alert, provided officers adequate probable cause to believe that contraband was stored in a hidden compartment above the storage unit attached to the headliner of Appellant's vehicle.

## *Argument On Response to Issue No. 1*

It is well known that the general rule of law is that a citizen shall be free from government intrusion without a warrant.  UNITED STATES CONST. Amend IV; TEXAS CONST. art. 1 § 9.  Both federal and state courts have recognized that the citizen's right to an expectation of privacy in an automobile is much lower.  Carroll v. United States, 267 U.S. 132; 45 S. Ct. 280; 69 L. Ed. 543 (1925).  Where the facts and circumstances within police officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that contraband is being transported in the automobile which the officers stop and search, the officers are justified in conducting the search.  Carroll v. United States, 267 U.S. at 162.

In a case occurring in Florida, the defendant was stopped in his car and arrested for sexual battery.  Florida v. Meyers, 466 U.S. 380; 104 S. Ct. 1852; 80 L. Ed. 2d 381 (1984).  At the time of his arrest, police officers searched his automobile and seized several items.  Florida v. Meyers, 466 U.S. at 380.  The vehicle was then towed where it was impounded in a locked, secure area. *Supra.* Approximately eight hours later, a police officer went to the compound and, without obtaining a warrant, searched the car for a second time.  Additional evidence was seized. *Supra.* In its judgment reversing the trial court's suppression of the evidence, the Supreme Court pointed out

its holding in the *Thomas* case (Michigan v. Thomas, 458 U.S. 259 [1982]) in which the Court upheld a warrantless search of an automobile even though the automobile was in police custody and even though a prior inventory search had already been made. Florida v. Meyers, 466 U.S. at 382. The Court emphasized that the justification to conduct such a warrantless search does not vanish once the car has been immobilized. *Supra.*

A review of a trial court's ruling on a pretrial motion to suppress is well established.

> (1) The appellate courts, including this Court, should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. (2) The appellate court should afford the same amount of deference to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. (3) The appellate courts may review de novo "mixed questions of law and fact" not falling within this category.

State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (*quoting* Guzman v. State, 955 S.W.2d 85, 89 [Tex. Crim. App. 1997]); State v. Elias, 339 S.W.3d 667 (Tex. Crim. App. 2011).

Appellant seeks to rely on the unpublished memorandum decision of the Thirteenth Court of Appeals numbered 13-13-00345-CR styled *State v. Clack.* The *Clack* case can not properly be compared to the instant case because of the diversity

of the case facts. In *Clack* the Court pointed out that the defendant was not in or around the vehicle at the time of arrest and the vehicle was properly parked, was not impeding traffic, and there was no need to insure the protection of the vehicle so as to justify being towed and impounded. Further the facts of the case never rose to a level of probable cause to believe that evidence of a crime was located within the vehicle.

In the case under present consideration Appellant was driving his vehicle and, upon his arrest for driving without a valid driver's license, it was necessary to tow and impound the vehicle to safeguard the vehicle and to allow for proper flow of traffic. During the inventory search officers located drug paraphernalia within the vehicle. Once the vehicle was secured in the impound lot the K-9 alerted at the driver's door of the vehicle giving officer's probable cause to believe that narcotics were located within the vehicle. A search of the obvious areas within the vehicle did not result in discovery of any narcotics. Later, while the vehicle was still in a secured area with no suggestion of the vehicle having been disturbed or tampered with, Appellant, while retrieving personal property, was observed attempting to pull down a storage compartment built into the headliner of the vehicle. The furtive acts of Appellant suggested to Deputy Constable Adams that Appellant had something hidden between the storage compartment and the roof of the vehicle, an area that is not typically accessible to the operator of the vehicle without causing damage to the vehicle. Such

furtive acts by Appellant gave officers reason to believe that the initial alert of the K-9 was indeed a positive alert and allowed officers to go directly to Appellant's hiding spot and retrieve the narcotics hidden there.

As pointed out by Appellant, the trial court, in denying Appellant's Motion to Suppress, made the following findings at the conclusion of the suppression hearing:

1.  There was probable cause articulated by the dog,

2.  The furtive gestures then seen subsequent created the totality of the circumstance where that justified the subsequent search,

3.  The officer is well trained and knows these furtive gestures, has seen them in the past,

4.  So all together, the Court finds that there was probable cause to execute the search.

RR Vol. 2 Pages 34, 37.

In the Florida v. Meyers case cited herein above, the United States Supreme Court approved the officers' second search of the impounded vehicle 8 hours later based merely on the original probable cause facts. In our case, while there is a longer time gap there is also an intervening factor which relates back to the probable cause developed through the K-9 alert giving officers a better indicator of where the narcotics could be found.

There being no controverting facts admitted as evidence or any other factor or suggestion that the historical facts heard by the trial court were false or misleading, this Court should give the trial court total deference of the trial court's fact findings as they are based on the credibility and demeanor of the testifying witnesses. The Court should further give the trial court total deference of the trial court's rulings on application of law to the instant fact questions as the resolution of those ultimate questions turned on an evaluation of credibility and demeanor of the testifying witnesses. There was no indication in the evidence adduced at trial that any of the evidence admitted during the suppression hearing was false or misleading.

For these reasons the relief sought by Appellant in his Issue Presented must be denied and the judgment of conviction and sentence be affirmed.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellee prays the Court deny Appellant's appeal and affirm the judgment of the trial court.

Respectfully submitted,

OFFICE OF DISTRICT ATTORNEY
33RD and 424th JUDICIAL DISTRICTS
Wiley B. McAfee, District Attorney
P. O. Box 725
Llano, Texas 78643
Telephone      Telecopier
(325) 247-5755   (325) 247-5274

By: _____
Gary W. Bunyard
Assistant District Attorney
State Bar No. 03353500
g.bunyard@co.llano.tx.us
ATTORNEY FOR APPELLEE

## CERTIFICATE OF WORD COUNT

This is to certify that the pertinent portion of this brief contains 2,597 words printed in Times New Roman 14 font according to the WordPerfect™ X7 word count tool.

_____
Gary W. Bunyard

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument, together with this proof of service hereof, has been forwarded by standard mail on the 7th day of January 2014, to Mr. Gary E. Prust, Attorney for Appellant, by email and by EServe.

Gary W. Bunyard
Assistant District Attorney