[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13542
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00043-MW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL PINA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 22, 2016)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Miguel Pina, who conditionally pleaded guilty to knowingly and intentionally possessing with intent to distribute 500 grams or more of a substance containing cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B), appeals the denial of his motion to suppress. The district court ruled that police officers discovered the cocaine in Pina's suitcase during a lawful search conducted under the automobile exception to the warrant requirement of the Fourth Amendment. We affirm.

## I. BACKGROUND

On October 15, 2012, Trooper Joseph Harrison of the Florida Highway Patrol observed an El Expreso bus that had stopped at a TA TravelCenter en route from Texas to Florida. The trooper obtained the passengers' consent to search their luggage. When Trooper Harrison noticed an oversized metal can of food inside Pina's suitcase, he remembered reading an intelligence bulletin that stated heroin had been concealed inside canned goods that appeared to be factory sealed. Trooper Harrison released the occupants of the bus without incident.

The morning of October 27, 2012, Trooper Harrison visited a TA TravelCenter and encountered another El Expreso bus on which Pina happened to be traveling from Texas to Florida. Around 8:38 a.m., the bus driver gave his permission for a police canine and his handler, Trooper Christopher Porter, to walk around the exterior of the bus. The canine indicated that he detected drugs on the bus. With consent from the driver and all the passengers, Trooper Harrison

unloaded the luggage from the undercarriage of the bus to enable the canine to smell each suitcase.

The canine alerted on Pina's suitcase, which Pina allowed Trooper Harrison to search. Inside the suitcase, Trooper Harrison noticed two large metal cans labeled as containing whole jalapeno peppers and whole serrano peppers and recalled that Pina had a large metal can among his belongings two weeks earlier. The trooper shook the cans. When Trooper Harrison heard the sound of liquid sloshing without any "flopping" of food, he asked for permission to unseal the cans, but Pina refused. Trooper Harrison opened one can and saw a large black cylinder, which he thought contained contraband, floating in liquid. At 9:41 a.m., Trooper Harrison arrested Pina and released the remaining passengers.

Troopers Harrison and Porter transported Pina and the two metal cans to an office of the Drug Enforcement Agency in Panama City, Florida. Around noon, Trooper Harrison observed a federal agent open the sealed can, remove a cylinder from the can, and test samples of the substances concealed inside both cylinders. The substances tested positive for the presence of cocaine.

After a grand jury indicted Pina, he moved to suppress the cocaine. Pina argued that the troopers lacked probable cause to search the bus and that the troopers were required to obtain a warrant to search his suitcase when he "and his personal property [were] literally in police custody and he [had] no chance of

3

mobility or fleeing." The United States responded that the search was lawful under the automobile exception to the warrant requirement.

After an evidentiary hearing during which Troopers Harrison and Porter testified, the district court denied Pina's motion to suppress. The district court ruled that the search of the bus and Pina's suitcase fell within the scope of a lawful "vehicle search." The district court also ruled that the positive response of the police canine gave the troopers probable cause to search Pina's suitcase.

## II. STANDARDS OF REVIEW

The denial of a motion to suppress presents a mixed question of law and fact. *United States v. Tamari*, 454 F.3d 1259, 1261 (11th Cir. 2006). We review rulings of law *de novo*. *Id.* We review related findings of fact for clear error, *id.*, and construe all facts in the light most favorable to the government, *United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007).

## III. DISCUSSION

Pina argues that the automobile exception to the warrant requirement of the Fourth Amendment did not apply to the search of his suitcase. Pina contends that the exception exists to address the inherent mobility of a vehicle and there was no exigency that necessitated searching his suitcase and opening the metal can after he had been detained and his suitcase removed from the bus. We conclude that the inherent mobility of the bus and the probable cause created by the positive

4

responses of the police canine were sufficient to justify the warrantless search of Pina's suitcase and the opening of the metal can.

The search of the commercial bus and the passengers' luggage was lawful under the automobile exception to the warrant requirement. "[A] vehicle search [does] not violate the Fourth Amendment . . . where agents conduct a warrantless search[] if the vehicle is operational and under the totality of the circumstances, there is a fair probability that contraband . . . will be found in the vehicle." *Tamari*, 454 F.3d at 1261–62. Troopers Harrison and Porter and the police canine received permission from the bus driver to examine the exterior of the bus. When the canine alerted to the odor of drugs inside the bus, which Pina does not dispute was "readily mobile," the troopers had probable cause to search the bus and every piece of luggage. *Id.* at 1264–65; *United States v. Watts*, 329 F.3d 1282, 1286 (11th Cir. 2003). And the response of the canine to Pina's suitcase further justified the troopers' decision to search Pina's suitcase.

Trooper Harrison was entitled to open the metal can he found inside Pina's suitcase. "The scope of a warrantless search [under the automobile exception] is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *United States v. Ross*, 456 U.S. 798, 824 (1982); *see Lindsay*, 482 F.3d at 1293. The canine's reaction to Pina's

5

suitcase and Trooper Harrison's knowledge that drugs had been hidden inside canned foods gave him probable cause to believe that Pina had concealed drugs inside the cans. The trooper was justified in opening a can to examine its contents.

The automobile exception applied even though the troopers opened the metal can after detaining Pina and his suitcase. "[T]he justification to conduct . . . a warrantless search does not vanish once the automobile has been immobilized" or when the suspect can no longer "tamper[] with" the evidence. *United States v. Parrado*, 911 F.2d 1567, 1571 (11th Cir. 1990) (quoting *Michigan v. Thomas*, 458 U.S. 259, 261 (1982)); *see United States v. Birdsong*, 982 F.2d 481, 483 (11th Cir. 1993). Probable cause "justifies the search of every part of the vehicle and its contents that may conceal the object of the search," *Ross*, 456 U.S. at 825, and Trooper Harrison had probable cause to believe that there was contraband inside the cans he discovered in Pina's suitcase. *See Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (The "finding of [probable cause] alone satisfies the automobile exception to the Fourth Amendment's warrant requirement."). Trooper Harrison did not violate Pina's rights under the Fourth Amendment.

## IV. CONCLUSION

We **AFFIRM** the denial of Pina's motion to suppress.