[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10454
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00156-JES-CM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SIMS JEROME COLLINS,
a.k.a. Sim Putman,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 18, 2017)

Before HULL, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Sims Jerome Collins appeals his conviction for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Collins argues that the district court improperly denied his motion to suppress evidence found during a warrantless search of his vehicle. Upon review of the record and consideration of the parties' brief, we affirm.

On September 1, 2015, several law enforcement officers from the Hendry County Sheriff's Office proceeded to locate and arrest Mr. Collins pursuant to an outstanding arrest warrant. The officers saw Mr. Collins driving his vehicle, and once he left the car, the officers approached him and informed him that they had a warrant for his arrest. Mr. Collins was handcuffed and transported to the police station. Approximately fifteen minutes later, a drug canine sniffed Mr. Collins' car and alerted the officers to the presence of drugs in the vehicle.

Due to safety concerns, the officers decided to transport the vehicle to the police station, where officers searched the vehicle and found a loaded firearm and marijuana. Mr. Collins later admitted that the firearm and marijuana belonged to him. He was charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Mr. Collins moved to suppress the evidence found during the search, arguing that the warrantless search was unconstitutional. Following an evidentiary hearing, the magistrate judge issued a report recommending that the motion be denied

2

because the warrantless search was permissible under the automobile exception. The district court overruled Mr. Collins' objections, adopted the report and recommendation, and denied the motion to suppress. Following a bench trial, the district court found Mr. Collins guilty and sentenced him to 57 months' imprisonment and 36 months of supervised release.

Rulings on motions to suppress involve mixed questions of fact and law. *See United States v. Ransfer*, 749 F.3d 914, 921 (11th Cir. 2014). "[W]e review the district court's factual findings for clear error, and its application of the law to the facts *de novo.*" *Id.* All facts are construed in the light most favorable to the party prevailing in the district court—here, the government. *See id.*

Generally, warrantless searches are *per se* unreasonable under the Fourth Amendment, but there are certain exceptions. *See Katz v. United States*, 389 U.S. 347, 357 (1967). For example, the automobile exception to the warrant requirement "allows the police to conduct a [warrantless] search of a vehicle if (1) the vehicle is readily mobile; and (2) the police have probable cause for the search." *United States v. Lindsey*, 482 F.3d 1285, 1293 (11th Cir. 2007).

Mr. Collins concedes that probable cause was established when a canine sniff indicated the presence of drugs in his vehicle, and recognizes that his vehicle was readily mobile because it was operational at the time of the search. *See United States v. Watts*, 329 F.3d 1282, 1286 (11th Cir. 2003) ("All that is necessary to

satisfy [the readily mobile] element is that the automobile is operational."). He argues, however, that the automobile exception should be reined in and that the proper inquiry is whether "the car, as a matter of law, is immobile." Br. of the Appellant at 13. But we are bound by decisions of the Supreme Court, *see United States v. Thomas*, 242 F.3d 1028, 1035 (11th Cir. 2001), and our own precedent under the prior precedent rule, *see United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 20058), both of which foreclose Mr. Collins' argument.

Here, police officers observed Mr. Collins drive to the scene of the arrest in his vehicle, and the vehicle was later driven to the police station once probable cause had been established. It is well established that once officers have probable cause, the justification for a warrantless automobile search does not evaporate when the vehicle is transported to the police station to be searched. *See Michigan v. Thomas*, 458 U.S. 259, 261 (1982) ("[W]hen police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody."); *United States v. Birdsong*, 982 F.2d 481, 483 (11th Cir. 1993).

Because both elements of the automobile exception to the warrant requirement were satisfied, the warrantless search of Mr. Collins' vehicle was valid

under existing law. The district court's denial of Mr. Collins' motion to suppress is therefore affirmed.

**AFFIRMED**.